O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JS-6

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-7864 PSG (Ex) | Date | January 11, 2010 |
|---|---|---|---|
| Title | David R. Rice v. Equifax Information Services, LLC | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers) Order Granting Plaintiff's Motion for Remand**

Pending before the Court is Plaintiff David R. Rice's Motion for Remand.  The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the moving and opposing papers, the Court GRANTS Plaintiff's motion.

I.     Background

This matter concerns a defendant's second attempt to remove the same action on purportedly new grounds.  On March 11, 2009, Plaintiff David R. Rice ("Plaintiff") filed a Complaint in California state court, alleging violations of the California Consumer Credit Reporting Agencies Act ("CCCRAA") and seeking injunctive relief.  According to the Complaint, Plaintiff seeks the "maximum statutory punitive damages for each of approximately 99 violations."  *Compl.* 21:9.  The Complaint also seeks "punitive damages of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation."  *See id.* ¶ 111 (citing Cal. Civ. Code § 1785.31(a)(2)).

On April 10, 2009, Defendant Equifax Information Services, LLC ("Defendant") timely removed the action to U.S. District Court on the grounds of federal question jurisdiction.  However, following a stipulation by the parties to remand, Judge Gary A. Feess remanded the case on April 20, 2009 due to the absence of any federal question on the face of the Complaint.  During discovery in the remanded action, Defendant served a request for an admission that Plaintiff is "not seeking more than $74,999.99 in damages."  *See Notice of Removal*, Ex. B.  On October 6, 2009, Plaintiff served a response denying the request.  *See id.*, Ex. C.  Claiming that this denial made the case removable on diversity grounds, Defendant removed the action to this Court on October 28, 2009.  On November 18, 2009, Plaintiff filed a motion to remand the case,

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JS-6

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-7864 PSG (Ex) | Date | January 11, 2010 |
|---|---|---|---|
| Title | David R. Rice v. Equifax Information Services, LLC | | |

including a request for attorneys' fees.

## II.   Legal Standard

Federal courts are courts of limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).  Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case.  *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006).  There is a strong presumption against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III.   Discussion

Plaintiff moves to remand the action on the grounds that Defendant's Notice of Removal was filed on October 28, 2009, more than thirty days after the filing of the Complaint on March 11, 2009.[1]  *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.").  In addition, Plaintiff requests attorneys' fees pursuant to the removal statute.  *See* 28 U.S.C. 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").  As discussed below, the Court remands the action because Defendant's removal was untimely, but declines to award Plaintiff attorneys' fees.

### A.   Timeliness of Defendant's Second Removal

Defendant argues that its October 28, 2009 removal was timely because the case was allegedly not removable on diversity grounds until Defendant received Plaintiff's response to the request for admission regarding the amount in controversy.  A defendant may remove a case within 30 days after receipt of, *inter alia*, "other paper from which it may *first* be ascertained

---

[1] Plaintiff's motion for remand is timely because it was filed within 30 days of the filing of the Notice of Removal.  *See* 28 U.S.C. § 1447(c) (requiring a motion for remand on the basis of a procedural defect within 30 days of the filing of the notice of removal).

O

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

JS-6

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-7864 PSG (Ex) | Date | January 11, 2010 |
|---|---|---|---|
| Title | David R. Rice v. Equifax Information Services, LLC | | |

that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (emphasis added); *Munoz v. J.C. Penny Corp., Inc.*, No. 09-0833, 2009 WL 975846, at *1 (C.D. Cal. Apr. 9, 2009) (noting that "[i]f the amount in controversy is not clear on the face of the initial pleading . . . the thirty-day period for removal does not begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable." (quoting 28 U.S.C. § 1446(b))).

Under § 1446(b), courts interpret the reference to "other paper" broadly, *see* Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, §§ 2:914-20 (The Rutter Group 2009), and responses to requests for admission qualify as "other paper" under the statute, *see Buraye v. Equifax*, 625 F. Supp. 2d 894, 896 (C.D. Cal. 2008) (Morrow, J.) (finding a removal on diversity grounds to be adequate where the plaintiff "served answers to requests for admission in which he denied that he was not seeking more than $74,999.99 in damages"). However, a case becomes removable on that basis only if "the case stated by the initial pleading is not removable." 28 U.S.C. § 1446(b); *see also Benson v. SI Holding Sys., Inc.*, 188 F.3d 780, 782-83 (7th Cir. 1999) (Easterbrook, J.) ("[W]hen matters *change*—for example, by dismissal of a party whose presence spoiled complete diversity of citizenship, or by a disclosure that the stakes exceed the jurisdictional amount—the case may be removed . . . ." (emphasis added)).

As Plaintiff argues, the Complaint filed on May 11, 2009 adequately disclosed the amount in controversy. The Complaint alleges the maximum statutory punitive damages available under the CCRAA for each violation, *see Compl.* ¶ 111 ($5,000 per violation), as well as the number of alleged violations, *see id.* at 21:9 ("approximately 99 violations"). Defendant focuses on the word "approximately" in the Complaint to claim that the alleged number of violations is "too speculative and ambiguous to support a finding that the jurisdictional amount was satisfied by a reading of Plaintiff's Complaint alone." *Opp.* 5:20-25. However, a figure anywhere near 99 violations would place the amount in controversy comfortably above the threshold (a mere 16 violations would suffice).

Based upon the alleged maximum penalty for each violation and the alleged number of violations, the Complaint alleges an amount in controversy of $495,000.00, satisfying the amount in controversy requirement for diversity jurisdiction. *See Saulic v. Symantec Corp.*, No. 07-0610, 2007 WL 5074883, at *9 (C.D. Cal. Dec. 26, 2007) (Stotler, J.) (holding that a class action alleging a maximum civil penalty of $1,000 for each class member was removable under

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-7864 PSG (Ex) | Date | January 11, 2010 |
|---|---|---|---|
| Title | David R. Rice v. Equifax Information Services, LLC | | |

CAFA on the basis of a declaration that the class contained more than 5,001 members).[2]
Defendant argues that such a punitive award would be unconstitutional, citing this Court's
decision in *Shirwo v. JP Morgan Chase Bank, Inc.*, No. 09-4345, 2009 WL 2365688 (C.D. Cal.
July 30, 2009) (remanding a case for an insufficient amount in controversy where the plaintiff
alleged merely $1,041.58 in actual damages and at least $75,000 in punitive damages in an
attempt to clear the jurisdictional threshold).  However, unlike *Shirwo*, the punitive damages in
this case are statutorily assigned to each violation under the CCCRAA, *see* Cal. Civ. Code §
17853.31(a)(2)(B), and the Court is not aware of any case law finding the punitive damages
provision of the CCCRAA to be unconstitutional.

Because it was "facially apparent from the complaint that the amount in controversy
exceeds $75,000," *Haskell v. State Farm Mut. Auto. Ins. Co.*, 69 Fed. App'x 877, 878 (9th Cir.
2003) (adding together "the insured motorist coverage, the personal injury protection coverage,
and [statutorily authorized] attorneys' fees" to find that the complaint facially exceeded the
jurisdictional minimum), the initial Complaint in this case was removable on diversity grounds.
Plaintiff's answer to the request for admission did not reveal any information not already
available on the face of the Complaint, and thus Defendant's October 21, 2009 removal was
untimely.  *See* 28 U.S.C. § 1446(b) ("*If the case stated by the initial pleading is not removable*, a
notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of .
. . other paper from which it may *first* be ascertained that the case is one which is or has become
removable . . . ." (emphasis added)); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253
(9th Cir. 2006) ("When the defendant receives enough facts to remove on any basis under
section 1441, the case is removable, and section 1446's thirty-day clock starts ticking.").
Therefore, the Court GRANTS Plaintiff's motion to remand the case.

B.    Plaintiff's Request for Attorneys' Fees

In its motion for remand, Plaintiff requests an award of $3,362.50 in attorneys' fees.
Pursuant to 28 U.S.C. § 1447(c), a district court has the discretion to award attorneys' fees and
costs upon a finding that the defendant lacked an "objectively reasonable" basis for removal.

---

[2] Defendant's argument that *Saulic* is distinguishable from this case merely because it was
a class action under CAFA is unpersuasive.  *See Opp.* 5:1-16.  As in *Saulic*, the amount in
controversy in this case can be determined through basic calculation.  The Court also notes that
Defendant cites to a portion of the opinion that summarizes the parties' positions, rather than the
court's holding.  *See id.* at 5:5-8 (citing *Saulic*, 2007 WL 5074883, at *2).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-7864 PSG (Ex) | Date | January 11, 2010 |
|---|---|---|---|
| Title | David R. Rice v. Equifax Information Services, LLC | | |

*See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005); *Patel v. Del Taco, Inc.* 446 F.3d 996, 999 (9th Cir. 2006) (upholding fee award under § 1446(c) where the removal was "frivolous"). In this case, although Defendant's removal lacked merit, Defendant had an objectively reasonable basis for removing the action a second time. Therefore, the Court DENIES Plaintiff's request for attorneys' fees.

IV.    Conclusion

Based on the foregoing, the Court (1) GRANTS Plaintiff's Motion for Remand and (2) DENIES Plaintiff's request for attorneys' fees.

**IT IS SO ORDERED.**